IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EDDIE BRILEY, JR.                                                      PETITIONER
ADC #116921

V.                              NO. 5:11cv00293 JMM-JTR

RAY HOBBS, Director,                                                 RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge James M. Moody.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Room A149
    Little Rock, AR 72201-3325


# I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Eddie Briley, Jr., an Arkansas Department of Correction (ADC) inmate. (Docket entry #1.) Respondent has filed a Response, to which Petitioner has filed a Reply. (Docket entries #11, #14.) Thus, the issues are joined and ready for

disposition.

Before addressing Petitioner's federal habeas claims, the Court will review the relevant procedural history of this case in state court.

In June 2010, Petitioner was convicted of criminal charges in three cases in Jefferson County Circuit Court. In Case No. CR-2009-375-1, he entered a negotiated plea of nolo contendere to robbery, theft of property, and possession of a firearm by certain persons. In Case No. CR-2009-804-1, he pleaded nolo contendere to fleeing, possession of a firearm by certain persons, and theft by receiving. In Case No. CR-2010-173-1, he pleaded nolo contendere to residential burglary. He received concurrent sentences for a total of 120 months of imprisonment in the ADC. On June 14, 2010, his Judgment and Commitment Order was filed with the trial court.[1] (Resp't Ex. A [docket entry #11-2].)

On June 18, 2010, Petitioner filed a *pro se* petition for post-conviction relief in the trial court, pursuant to Ark. R. Crim. P. 37. On June 22, 2010, he filed an amended Rule 37 petition. (Resp't Ex. C [docket entry #11-4].) On July 22, 2010, and September 29, 2010, he filed motions to amend his petition. (Pet'r Ex. B & C [docket entry #14, at 11-25].)

---

[1]On January 14, 2011, an Amended Judgment and Commitment Order was entered, correcting the amount of jail time credit from 116 days to 178 days, but making no other changes. (Resp't Ex. B [docket entry #11-3].)

On September 30, 2010, the trial court dismissed Petitioner's Rule 37 petitions because they did not contain an affidavit signed by Petitioner, as required by Ark. R. Crim. P. 37.1(c).[2] (Resp't Ex. D [docket entry #11-5]). The trial court's order stated that, because Petitioner "failed to verify his petition," the court was "unable to address the issues raised[.]"[3] The order referred to Petitioner's original June 18 petition, his June 22 amended petition, and his July 22 motion to amend, but did not mention the September 29 motion to amend.

Petitioner contends that he never received a copy of the trial court's order

---

[2]Rule 37.1 provides:

(c)     The petition shall be accompanied by the petitioner's affidavit, sworn to before a notary or other officer authorized by law to administer oaths, in substantially the following form:

AFFIDAVIT

The petitioner states under oath that (he) (she) has read the foregoing petition for post-conviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.

...

(d)     ... The circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule.

[3]As originally enacted, Rule 37.1 stated that a Rule 37 petition had to be "verified." To "reduce the likelihood that the verification requirement would be overlooked by the petitioner or the courts," the rule was amended in 2006 to add subsections (c) and (d), clarifying the requirement and providing the form of affidavit to be used. Ark. R. Crim. P. 37.1, Reporter's Notes, 2006 Amendment.

denying Rule 37 relief, as required by Ark. R. Crim. P. 37.3(d).[4]  Between December 2010 and March 2011, he submitted pleadings to the trial court and the Arkansas Supreme Court seeking a ruling on various motions and the Rule 37 petition, which he believed to still be pending.[5]

On March 30, 2011, in response to one of Petitioner's inquiries, a deputy prosecuting attorney wrote a letter to him, stating that the trial court had dismissed the Rule 37 petitions on September 30, 2010.  She enclosed a copy of the trial court's order.  (Pet'r Ex. G [docket entry #14, at 43-46].)

On April 18, 2011, and again on May 4, 2011, Petitioner filed notices of appeal in the trial court, seeking appellate review of the trial court's September 30, 2010 order dismissing his Rule 37 petitions.  (Pet'r Ex. H & I [docket entry #14, at 47-50].)

On May 31, 2011, Petitioner filed a *pro se* motion for belated appeal with the Arkansas Supreme Court.  In his motion, he argued that he was entitled to a belated appeal because the circuit court clerk did not provide him with a copy of the

---

[4]Rule 37.3(d) provides: "When an order is rendered on a petition filed under this rule, the circuit court shall promptly mail a copy of the order to the petitioner."

[5]Specifically, Petitioner: (1) filed with the trial court, on December 29, 2010, a Petition for Writ of Mandamus and a Motion to Correct Commitment Order; (2) "tendered" to the Arkansas Supreme Court, on January 18, 2011, two Petitions for Writ of Mandamus; and (3) filed with the trial court, on March 18, 2011, a "Petition to Order Expediting of Petitioner's Rule 37 Petition" and a Petition for Writ of Mandamus.  (Pet'r Ex. D, E & F (docket entry #14, at 26-42.)

September 30, 2010 order dismissing his Rule 37 petitions.  He also argued that the trial court erred in dismissing his Rule 37 petitions because his last motion to amend, on September 29, 2010, comported with the rules regarding "verification."  (Resp't Ex. E [docket entry #11-6].)

On September 15, 2011, the Arkansas Supreme Court entered an order summarily denying Petitioner's motion for belated appeal. *Briley v. State*, Ark. Sup. Ct. No. CR 11-550 (Resp't Ex. F [docket entry #11-7]).  Petitioner then filed a "Petition for Review," which the Arkansas Supreme Court treated as a motion for reconsideration and denied on November 17, 2011.  (Resp't Ex. G [docket entry #11-8].)

On November 10, 2011, Petitioner initiated this § 2254 action.  In his Petition, he argues that: (1) his counsel was ineffective for failing to investigate or interview witnesses, to timely subpoena an alibi witness, to file any motions, or to prepare a proper defense; (2) his nolo contendere pleas were involuntary based on incorrect advice from counsel that he could still have a trial on his charges; (3) the prosecutor withheld evidence to be used at trial and counsel was ineffective for failing to object; and (4) the trial judge abused his authority by refusing to allow Petitioner's counsel to withdraw and by accepting his nolo contendere plea, with no factual basis or evidence suggesting he had committed any crimes.  (Docket entry #1.)

Respondent argues that: (1) all of Petitioner's claims are barred by the one-year statute of limitations applicable to federal habeas claims; (2) Petitioner's claims are procedurally defaulted because he failed to properly present them to the state courts; and (3) Petitioner's first and third claims are not cognizable and were waived by his guilty pleas. (Docket entry #11.)

For the reasons explained below, the Court concludes that all of Petitioner's habeas claims are time-barred. Accordingly, the Court need not address Respondent's second and third arguments for dismissal.

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for federal habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Petitioner's Judgment and Commitment Order was filed with the trial court on June 14, 2010. Because he entered nolo contendere pleas, Petitioner waived his right to a direct appeal. *See* Ark. R. App. P.-Crim. 1(a) (2010). Thus, for purposes of § 2244(d)(1)(A), his convictions were "final" on June 14, 2010.[6]

---

[6]*See Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk);

Absent any statutory or equitable tolling, the statute of limitations would have expired one year later, on June 14, 2011. *See Wright v. Norris*, 299 F.3d 926, 927 n.2 (8th Cir. 2002) (filing deadlines in federal habeas cases fall on the anniversary date of the triggering event). Petitioner did not file his habeas petition until November 10, 2011,[7] almost five months after the statute of limitations expired.

A *properly filed* post-conviction proceeding in state court tolls the federal habeas limitations period. 28 U.S.C. § 2244(d)(2). The Eighth Circuit has held that a Rule 37 post-conviction petition that fails to satisfy the verification (now affidavit) requirement set forth in Arkansas's procedural rules is not "properly filed" for tolling purposes under § 2244(d)(2). *Nelson v. Norris*, 618 F.3d 886, 891-92 (8th Cir. 2010); *Walker v. Norris*, 436 F.3d 1026, 1030-32 (8th Cir. 2006).

Here, the trial court held that it could not consider Petitioner's Rule 37 post-conviction petitions because they did not contain the affidavit prescribed by Rule 37.1(c). The Arkansas Supreme Court summarily denied Petitioner's motion for a

---

Ark. Sup. Ct. Admin. Order No. 2(b)(2) (judgment, decree or order is entered when stamped or otherwise marked with the date and time and the word "filed").

[7]The Court has accepted Petitioner's declaration that he placed his Petition in the prison mailing system on November 10, 2011 (docket entry #1, at 6), and it is deemed "filed" on that date. *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts; *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (*pro se* prisoner's habeas petition is deemed "filed" on date he delivered it to prison authorities for mailing to the Court).

belated appeal of the trial court's order.[8]  If a state court finds that a post-conviction petition fails to comply with the applicable filing requirements, that is "the end of the matter" for purposes of determining whether it was "properly filed" under § 2244(d)(2). *Nelson*, 618 F.3d at 892 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)); *Walker*, 436 F.3d at 1030-32.  Because the state courts found that Petitioner's Rule 37 petitions failed to comply with the filing requirements, no statutory tolling was triggered under § 2244(d)(2).

Petitioner argues that his motions to amend, filed on July 22 and September 29, 2010, were "properly filed" post-conviction applications under § 2244(d)(2) because they were verified as required by Rule 37.1(c).  (Docket entry #14, at 4.)

Contrary to Petitioner's contention, the July 22 motion to amend was not notarized and did not contain the affidavit specified by Rule 37.1(c).  (Docket entry #14, at 11-17.)  Thus, it did not comply with the applicable rules and was not "properly filed" for § 2244(d)(2) purposes.

Petitioner's September 29 motion to amend *did* contain a notarized affidavit

---

[8]The Arkansas Supreme Court issued only a "Formal Order" denying Petitioner's motion, without any discussion.  (Docket entry #11-7.)  In other cases, however, the Court has explained its rationale for denying motions to belatedly appeal the dismissal of unverified Rule 37 petitions.  *See, e.g.*, *Sparacio v. State*, 2010 Ark. 335, at *3-*4 (per curiam) ("Where an appeal is filed from the denial of relief on a petition that does not meet the strictures of Rule 37.1(c), the appellant could not prevail if allowed to proceed, and we will dismiss the appeal. ... It follows logically, then, that, if we would dismiss a timely filed appeal due to an original Rule 37.1 petition's lack of verification, we would likewise deny a motion to pursue a belated appeal from such a petition.").

that appears to substantially comply with Rule 37.1(c).  (Docket entry #14, at 24-25.)

Although the trial court's order of dismissal did not address this motion, Petitioner

specifically argued to the Arkansas Supreme Court that the trial court's order "was

clearly an error because [his] September 29, 2010 Rule 37 petition comported to the

Ark. R. Crim. P. 37.1, [and] was verified."[9]  (Docket entry #11-6, at 3.)  The Arkansas

Supreme Court rejected this argument and denied Petitioner's motion for belated

appeal.

In addition, because the September 29, 2010 motion to amend was filed well

outside the ninety days within which a Rule 37 petition must be filed, neither the trial

court nor the Arkansas Supreme Court had jurisdiction to consider that motion.[10]  *See*

*Sims v. State*, 2011 Ark. 135, at *2-*3 (per curiam) (trial and appellate courts lacked

jurisdiction to consider untimely, properly verified Rule 37 petition, even though

petitioner had previously filed a timely, but unverified, petition); *Shaw v. State*, 211

S.W.3d 506, 507-08 (Ark. 2005) (per curiam) (holding that a trial court lacked

jurisdiction to consider Rule 37 petitions where first and second petitions lacked

---

[9]Technically, Petitioner did not file a "Rule 37 petition" on September 29, 2010 –
he filed a motion to amend his original Rule 37 petition filed over three months earlier.
None of his earlier Rule 37 submissions complied with Rule 37.1(c).

[10]A Rule 37 petition must be filed within ninety days of entry of judgment on a
plea of guilty or nolo contendere.  Ark. R. Crim. P. 37.2(c); *see Seaton v. State*, 920
S.W.2d 13, 14 (Ark. 1996).  The September 29 motion to amend was filed 107 days after
the trial court entered Petitioner's Judgment and Commitment Order.

verification and third petition was not filed within the applicable time limits).

In *Walker*, the Eighth Circuit directly addressed a similar issue raised by an Arkansas prisoner seeking to overcome the district court's ruling that his federal habeas petition was time-barred.  The Eighth Circuit held that, because the Arkansas Supreme Court had concluded that the prisoner's first Rule 37 petition was invalid for lack of verification, and his amended Rule 37 petition was untimely, "that is the end of the matter" in determining whether his Rule 37 applications were "properly filed" under § 2244(d)(2).  *Walker*, 436 F.3d at 1029, 1032.  Accordingly, Petitioner is not entitled to any statutory tolling.

Because the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently"; but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010).

Petitioner asserts that he is entitled to equitable tolling because he "pursued his rights diligently by persistently trying to monitor his state post-conviction proceedings."  In support of his argument, he points to his numerous filings, in the trial court and in the Arkansas Supreme Court, seeking a ruling on his Rule 37 petitions and then seeking to be allowed to proceed with a belated appeal.  (Docket entries #1, at 5; #14, at 4.)

In *Pace*, 544 U.S. at 416, the United States Supreme Court expressly addressed how prisoners can avoid sometimes spending years exhausting state remedies, only to discover that federal habeas relief is time-barred because their state post-conviction petitions were never "properly filed" under § 2244(d)(2):

> A prisoner seeking state post-conviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. *See Rhines v. Weber*, [544 U.S. 269, 278 (2005)].

*See also Runyan v. Burt*, 521 F.3d 942, 945-46 & n.4 (8th Cir. 2008) (no equitable tolling where petitioner's state post-conviction applications were not properly filed and thus did not toll the statute of limitations, and he "could have protected himself" during their pendency by filing a timely federal habeas petition and seeking "stay and abeyance"); *Walker*, 436 F.3d at 1030-31.   Regardless of his ongoing state court proceedings, nothing prevented Petitioner from protectively filing a timely federal habeas petition raising his claims.

Furthermore, the difficulties Petitioner encountered in litigating his state post-conviction proceedings did not constitute "extraordinary" circumstances.  The Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling.  *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir.

2004).   In other words, where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan*, 521 F.3d at 945-46.

Finally, Petitioner makes the conclusory assertion that he is "innocent of the crimes."  (Docket entry #1, at 2, 4.)  In *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002), the Eighth Circuit rejected "as a broad concept" the contention that actual innocence could be used as "gateway" to excuse an untimely federal habeas petition. It went on to note that, for such a claim to be viable, a habeas petitioner "would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations."  *Id.* at 978.

Here, Petitioner has failed to make the detailed evidentiary showing necessary to invoke the narrow "actual innocence" exception.[11]  Thus, equitable tolling does not

---

[11]*See House v. Bell*, 547 U.S. 518, 536-37 (2006) ("gateway" actual-innocence exception requires habeas petitioner to "establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt'").  The only apparent basis for Petitioner's actual-innocence claim is his conclusory assertion that, regarding his robbery conviction, counsel failed to interview an "eye witness" who allegedly would say that Petitioner "was not one of the two culprits that entered the motel room on 4-26-09." (Docket entry #1, at 2.)  This falls far short of

apply.

Accordingly, this Petition should be denied in its entirety as untimely.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (docket entry #1) be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy § 2253(c) when habeas petition is denied on procedural grounds, petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

DATED this 5th day of September, 2012.

_____

UNITED STATES MAGISTRATE JUDGE

---

the high evidentiary standard required by the United States Supreme Court to adequately support a viable actual innocence claim.